1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10   MICHAEL WIEGELE on behalf of himself          Civil No.    06cv1330-JM (POR)
     and all others similarly situated,
11
                                    Plaintiff,     **ORDER GRANTING PLAINTIFF'S**
12                                                 **MOTION TO COMPEL AND ISSUING**
                 v.                                **LIMITED PROTECTIVE ORDER**
13                                                 **[Document Nos. 11, 12, 13, 14, 15, 16, 17,**
     FEDEX GROUND PACKAGE SYSTEM,                  **18]**
14   INC., a Delaware Corporation; and DOES 1
     through 500, inclusive,
15
                                    Defendant.

16        On November 28, the Court held a Discovery Conference in this matter, to hear Plaintiff

17   Michael Weigele's Motion to Compel Defendant to Produce Information Requested in Special

18   Interrogatories (Set One).  Kevin Barnes, of the Law Offices of Kevin Barnes, and Michael D.

19   Singer and Peggy J. Reali of Cohelan & Khoury appeared on behalf of Plaintiff.  Mark Riera of

20   Sheppard, Mullin, Richter & Hampton LLP appeared on behalf of Defendant FedEx Ground

21   Package System, Inc.  Upon consideration of the papers submitted to the Court and oral arguments at

22   the conference, the Court hereby GRANTS plaintiff's motion to compel responses to Special

23   Interrogatories No. 1 and No. 2 (Set One), subject to the conditions and limitations set forth below.

24        Special Interrogatory No. 1 requests the names, last known home addresses, home telephone

25   numbers, and email addresses of formerly-employed Pickup and Delivery Managers, Service

26   Managers, Sort Managers, Pre-Load Sort Managers, and related positions employed by Defendant

27   FedEx Ground Packaging System, Inc.  Special Interrogatory No. 2 requests the same information,

28   but with regard to currently-employed persons in the same positions.

1     Defendant holds the burden to provide proof in support of the objections of vagueness,

2   overbreadth, and that the requests pose an undue burden.  Defendant has not met this burden.  The

3   Court finds that the request to identify and provide contact information relating to formerly- and

4   currently-employed Pickup and Delivery Managers, Service Managers, Sort Managers, Pre-Load

5   Sort Managers is limited to information which is maintained in the normal course of Defendant's

6   business.  To the extent that the requests are limited to employees with these job titles,  the Special

7   Interrogatories No. 1 and No. 2 are not vague or overly broad.

8     However, the Court finds that the request to identify and to provide the contact information

9   for those employees in "related positions" is vague, and asks Defendant to put its mind into the mind

10   of Plaintiff.  Thus, information related to employees in "related positions" in Special Interrogatories

11   No. 1 and No. 2 are not to be produced.

12     Furthermore, the Court finds that the scope of these interrogatories is limited in accordance

13   with Plaintiff's complaint.  Thus, only information for current and former employees employed by

14   Defendant in California must be produced, and only for those employed during the "Class Period"

15   defined by Plaintiff,  which began on May 10, 2002, four years prior to the filing of Plaintiff's

16   complaint.

17     With respect to defendant's privacy objection, the Court is required to balance Plaintiff's

18   need for the discovery with the privacy rights of the employees.  The Court is persuaded by the

19   reasoning of the Honorable Rosalyn M. Chapman, United States Magistrate Judge, U.S. District

20   Court for the Central District of California, in the case of *Jimenez v. Domino's Pizza, LLC*, Case No.

21   04-cv-1107-JVS(RCx), reported at 2006 U.S. Dist. LEXIS 66510 (January 11, 2006), in which

22   opinion Magistrate Judge Chapman states:

23             '[W]age and hour disputes (and others in the same general class)
              routinely proceed as class actions.' Prince v. CLS Transportation, Inc.,
24             13 Cal. Rptr. 3d. 725, 731 (2004).  '[A]s a general rule, before class
              certification has taken place, all parties are entitled to "equal access to
25             persons who potentially have an interest in or relevant knowledge of the
              subject of the action, but who are not yet parties."' Koo v. Rubio's
26             Restaurants, Inc.,  135 Cal. Rptr. 2d 415, 428 (2003) (citing Atari, Inc.
              v. Superior Court, 212 Cal. Rptr. 773, 774 (1985)).

27

28   *Jimenez*, 2006 U.S. Dist. LEXIS 66510 at *5.  Plaintiff's need for the requested information in order

1  to enforce labor laws outweighs the privacy rights of the individual employees at issue.

2      In considering the scope of the discovery the Defendant must produce, the Court weighs the

3  following factors: the privacy rights of the employees, Plaintiff's need to know the information

4  sought, the potential for abusive contact of potential class members by Plaintiff and the possibility

5  that the potential class members are in Defendant's "control group."  The Court finds that Defendant

6  has failed to prove that the employees at issue are part of a "control group" that legal ethics would

7  prohibit Plaintiff from contacting.  Defendant failed to produce any evidence in support of this

8  claim.

9      To assure that the information provided to Plaintiff is protected against abuse, the Court finds

10 that a limited protective order - to be complied with by the parties regarding the information to be

11 disclosed - is appropriate, following the same reasoning as Magistrate Judge Chapman used in the

12 *Jimenez* matter, as set forth below.

13     WHEREAS, FOR GOOD CAUSE APPEARING, the Court hereby GRANTS Plaintiff's

14 Motion to Compel responses to Special Interrogatory No. 1 and Special Interrogatory No. 2.

15 Defendant shall produce the following information to Plaintiff, responding in full by **December 15,**

16 **2006**:

17         The names, last known home addresses and home telephone numbers,
           and email addresses of formerly- and currently-employed Pickup and
18         Delivery Managers, Service Managers, Sort Managers, and Pre-Load
           Sort Managers, employed by defendant FedEx Ground Packaging
19         System, Inc. in the State of California from May 10, 2002 to the date
           of Defendant's response to these interrogatories.
20

21     THE COURT FURTHER ORDERS that the following protective order is issued:

22     1.  Before the class is certified, the contact information of potential class members shall be

23 viewed solely by Plaintiff's counsel, their investigators and experts, and not by individual plaintiffs.

24     2.  If the information to be produced is in any document filed with the Court, the former and

25 current Pickup and Delivery Managers, Service Managers, Sort Managers, and Pre-Load Sort

26 Managers' home addresses, home telephone numbers and e-mail addresses shall be redacted.

27 ///

28 ///

1 | ///

2 |      3.  The information shall be used solely in this litigation and not for any other purpose

3 | without an order from the Court.

4 |      IT IS SO ORDERED.

5 |

6 | DATED:  December 12, 2006

7 |

8 | _____
  | LOUISA S PORTER
  | United States Magistrate Judge

9 |

10 | cc:      The Honorable Jeffrey T. Miller

11 |          All parties

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

- 4 -

06cv1330