**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| MICHAEL WIEGELE, | CASE NO. 06-CV-01330-JM(POR) |
|---|---|
| Plaintiff, | **ORDER DENYING OBJECTIONS TO DISCOVERY ORDER; LIFTING STAY OF DISCOVERY** |
| vs. | |
| FEDEX GROUND PACKAGE SYSTEM, | |
| Defendant. | |

Defendant FedEx Ground Package System ("Fedex") objects to Magistrate Judge Porter's December 12, 2006 Order Granting Plaintiff's Motion to Compel and Issuing Limited Protective Order ("Discovery Order"). Plaintiff opposes the Objections. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court denies the Objections to the Discovery Order. The court also lifts the stay of discovery entered on December 28, 2006.

**BACKGROUND**

On June 26, 2006 Fedex removed this state wage and hour law case to federal court pursuant to 28 U.S.C. §§1332(d)(2) and 1441(a)-(c), based upon diversity jurisdiction and that the amount in controversy exceeds $5 million, exclusive of interests and costs. Plaintiff, an employee of Fedex, generally alleges that he was paid a salary for his duties while working as a "Sort Manager," "Service Manager," "Pick Up and Delivery Sort Manager," and "Outbound Sort Manager." (Compl. ¶7). Plaintiff generally alleges that he and similarly situated former and current Fedex employees performed non-exempt work in excess of the maximum regular rate set by the Industrial Welfare

1  Commission. Contrary to California law, Plaintiff alleges that Fedex failed to pay Plaintiff and all
2  similarly situated individuals overtime compensation and rest and meal compensation (Compl. ¶7-8,
3  15-17, 22-28). No class has yet to be certified.

4  At issue here are two interrogatories propounded by Plaintiff. Special Interrogatory No. 1
5  requests the names, last known home addresses, home telephone numbers, and email addresses of
6  formerly-employed Pickup and Delivery Managers, Service Managers, Sort Managers, Pre-Load Sort
7  Managers, and related positions. Special Interrogatory No. 2 requests the same information but with
8  regard to currently employed individuals in the same positions. Magistrate Judge Porter ordered
9  Fedex to provide the "names, last known home addresses and home telephone numbers, and email
10 addresses of formerly and currently-employed" similarly situated individuals. (Discovery Order at
11 p.3:17-10). In addition, Judge Porter entered a protective order to limit disclosure of the discovery
12 to Plaintiff's counsel, their investigators and experts, and not to any individual plaintiff.

13 In the Objections, Fedex argues that (1) the Discovery Order circumvents the privacy rights
14 of putative class members and (2) requiring production of the e-mail addresses of Fedex employees
15 will result in a disruption to Fedex's business and operations.

16 **THE OBJECTIONS**

17 **Legal Standards**

18 This court may set aside or modify a Magistrate Judge's discovery order only if found to be
19 "clearly erroneous or contrary to law." Fed.R.Civl.P. 72(a); 28 U.S.C. §636(b)(1)(A); Bhan v. NME
20 Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). While findings of fact are reviewed under the
21 clearly erroneous standard of review, legal conclusions are reviewed de novo. See United States v.
22 McConney, 728 F.2d 1195, 1200-01 (9th Cir. 1984). Each objection is discussed in turn.

23 The Privacy Issue

24 The thrust of Fedex's argument is that disclosure of putative class members' names and
25 addresses is constitutionally protected from compelled disclosure. Fedex also contends that the
26 Discovery Order should have required that any contact with putative class members be initiated
27 through a neutral third party. The court rejects these Objections.
28 / / /

When the constitutional right of privacy is involved, "the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced." Lantz v. Superior Court, 28 Cal.App. 4th 1839, 1853-54 (1994). Compelled discovery within the realm of the right of privacy "cannot be justified solely on the ground that it may lead to relevant information." Britt v. Superior Court, 20 Cal.3d 844, 856 (1978). "Even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a 'careful balancing' of the 'compelling public need' for discovery against the 'fundamental right of privacy.'" Lantz, 28 Cal.App.4th at 1854 (citations omitted).

Here, the Magistrate Judge properly balanced Plaintiff's need and due process right to conduct discovery on class action issues, see Bartold v. Glendale Federal Bank, 81 Cal.App.3d 867, 873 (2000) (due process requires an opportunity to conduct discovery on class action issues prior to class certification proceedings, and discovery of putative plaintiffs' names and addresses should be provided before the class is certified, not after), against the putative plaintiffs' right to privacy. In analyzing the issue, the Magistrate Judge was persuaded by the reasoning in a similar wage and hour dispute. In Jimenez v. Domino's Pizza, LLC, Case No. 04cv11107 JVS(RCx), 2006 U.S. Dist. LEXIS 66510 (January 11, 2006) the court held:

> "Wage and hour disputes (and others in the same general class) routinely proceed as class actions." Prince v. CLS Transportation, Inc., 118 Cal.App.4th 1320, 1328, 13 Cal.Rptr. 3d 725 (2004). "[A]s a general rule, before class certification has taken place, all parties are entitled to 'equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties." Koo v. Rubio's Restaurants, Inc. 109 Cal.App.4th 719 (2003).

Jimenez, 2006 LEXIS 66510 at *5. Here, the Magistrate Judge determined that putative class members possess relevant discoverable information concerning issues dealing with Plaintiff's wage and hour claims, as well as class certification issues.[1] Further, the privacy interests at stake in the names, addresses, and phone numbers must be distinguished from those more intimate privacy

---

[1] The court notes that the identified employees are likely percipient witnesses to Plaintiff's wage and hour claims. Not only will any contact by Plaintiff's counsel be minimally intrusive, but it will also inform similarly situated individuals about Plaintiff's alleged wage and hour claims and alert them that they may have a significant wage and hour claim.

1  interests such as compelled disclosure of medical records and personal histories. Moreover, the
2  Magistrate Judge imposed a protective order to assure that the information provided to Plaintiff is
3  protected from disclosure. The discovery, concerning approximately 250 to 500 current or former
4  Fedex employees, is to be produced to Plaintiff's counsel only, can only be used in this litigation, and
5  provides that any disclosure to the court must be redacted to preserve the identities of the putative
6  plaintiffs. (Discovery Order at p.3:22-4:3). Under these circumstances, the Discovery Order is not
7  clearly erroneous as the potential privacy interests of putative class members are adequately balanced
8  to protect Plaintiff's ability to prosecute this action.

9  Fedex contends that Experian Information Solutions, Inc. v. Superior Court, 138 Cal.App.4th
10 122 (2006) and Best Buy Stores L.P. v. Superior Court, 137 Cal.App.4th 778 (2006) provide
11 persuasive authority to support its claim that a neutral third party should be appointed to contact
12 putative class members. This argument is not persuasive. In Experian, the defendant Experian and
13 the plaintiff voluntarily entered into a stipulated protective order whereby Experian would provide the
14 identifies of all putative class members in order to permit plaintiff to "conduct discovery . . . regarding
15 class certification." Experian, 138 Cal.App.4th at 126. After denial of the motion for class
16 certification on the ground that individual issues predominated, plaintiff requested relief from the
17 protective order in order to contact once putative class members to inform them "that they might have
18 claims subject to running statutes of limitations and requesting each recipient's consent to be
19 contacted by [plaintiff's] counsel to determine whether he or she has evidence relating to the issue of
20 [Plaintiff's] damages." Id. at 127. The trial court then balanced the need for the discovery against the
21 individual's right to privacy. The court initially denied the request but then plaintiff's counsel
22 suggested that contact be made by letter through a neutral third party. The trial court then approved
23 the modified proposed letter notice. Experian then petitioned for a writ of mandate, raising two issues
24 pertinent here: (1) whether, after denial of class certification, there is any legal basis permitting letter
25 notification of former putative class members of potential claims and (2) whether that portion of the
26 letter notification dealing with discovery adequately protected the recipients' privacy rights.

27 On the issue of permitting contact with any putative class member, the appellate court reversed
28 the trial court holding that "there is no legal basis supporting court-approved notifications of possible

1  rights to putative class members after a motion for class certification has been denied." <u>Experian</u>. 138
2  Cal.App.4th at 131. On the issue of discovery, the court noted that the requested discovery on the
3  punitive damages issue was relevant and a proper subject for discovery. However, in balancing the
4  need for disclosure against the recipient's privacy rights, the appellate court required greater
5  protections of the recipient's privacy rights and identified six specific items to be either included or
6  deleted from the letter notice. Notably, the <u>Experian</u> court did not establish a black letter rule
7  requiring that such disclosures can only be made through a neutral third party.

8  In <u>Best Buy</u>, the plaintiff, an attorney, sought to bring a class action with himself acting as both
9  class representative and class counsel. Plaintiff alleged that Best Buy charged an alleged illegal
10 restocking fee for returned merchandise. When informed by the trial court that plaintiff could not
11 serve as both class representative and class counsel, he sought leave of court to have notice sent to
12 putative class members "to seek a new class representative." 137 Cal.App.4th at 775. The trial court
13 approved the request and required notice be provided by a neutral third party. Defendant Best Buy
14 then petitioned for a writ of mandate, seeking review of five issues, only one relevant here: whether
15 the order and letter notice adequately protected the recipients' privacy rights. The appellate court
16 denied the writ on all issues raised, but required that the letter notice provide greater privacy
17 protections for the recipients. Among other things, the letter notice was required to state that the
18 notice could be ignored and that the identify of the recipient would not be disclosed to plaintiff unless
19 the recipient provided written consent.

20 The court notes that both <u>Experian</u> and <u>Best Buy</u> applied the same general legal standard
21 applied by the Magistrate Judge here, that is, a balancing of the compelled need for discovery and the
22 recipient's privacy rights. <u>See</u> <u>Lantz</u>, 28 Cal.App. 4th at 1853-54. <u>Experian</u> and <u>Best Buy</u> are
23 distinguishable from the case at bar in the nature of the claims asserted, the rights to be vindicated,
24 and the procedural posture of the cases. Significantly, <u>Experian</u> and <u>Best Buy</u> do not stand for the
25 proposition that contact of putative class members may only occur through a neutral third party. As
26 noted in <u>Koo v. Rubio's Restaurants, Inc.</u>, 109 Cal.App.4th 719, 736 (2003),

27    [B]efore class certification has taken place, all parties are entitled to "equal access to persons who potentially have an interest in or relevant knowledge of the subject of the
28    action, but who are not yet parties." (<u>Atari, Inc. v. superior Court,</u> supra, 166 Cal.App.3d at p. 869.) Moreover cases have stressed "the importance of permitting

named plaintiffs to communicate with persons for whose benefit their action was ostensibly filed." (Citations omitted).

Finally, the court notes that the Discovery Order includes a protective order to limit the disclosure of any confidential information thereby further protecting the privacy rights of putative class members. Further, any contact by Plaintiff's counsel with putative class members must be reasonable and comply with California Rules of Professional Conduct.

In sum, the Discovery Order is narrowly tailored to balance Plaintiff's right to conduct discovery with the privacy interests of putative class members. Under these circumstances, the court rejects Fedex's Objections and lifts the stay of discovery imposed by this court.

<u>The e-mail Issue</u>

Fedex argues that it should not be compelled to provide the e-mail addresses of the 250 to 500 Fedex employees at issue because, among other things, increased e-mail traffic could threaten or cripple the company's e-mail system. (Stormfels Decl. ¶¶2-4). Further, Fedex argues that the e-mails will likely be opened by the recipients during business hours and potentially threaten its time sensitive delivery business. (Stormfels Decl. ¶5).

The court notes that this argument was not specifically raised before Magistrate Judge Porter. Consequently, there is no record to review. Under these circumstances, the court declines to review this claim. Should it desire to do so, Fedex may bring this argument before Magistrate Judge Porter.

In sum, the court denies the Objections and lifts the stay of discovery.

**IT IS SO ORDERED.**

DATED: February 8, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties