# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WEIGELE, TESSA BISHOP, JOSE VALLADARES,<br><br>            Plaintiffs,<br>vs.<br>FEDEX GROUND PACKAGE SYSTEM, INC.; et al.<br><br>            Defendants. | CASE NO. 06-CV-1330-JLS (POR)<br><br>**ORDER: GRANTING MOTION TO AMEND** |

Presently before the Court is Plaintiffs' motion to amend. (Doc. No. 275.) Defendant has filed an opposition and Plaintiff has replied. (Doc. Nos. 277 & 278.) Having fully reviewed the motion and the parties arguments, the Court **GRANTS** the motion.

Plaintiffs' proposed amendment will "dismiss/delete class allegations and add/join [approximately 25] party plaintiffs." (Memo. ISO Motion at 5.) Given the posture of this matter, Federal Rule of Civil Procedure 15(a)(2) governs. (See Memo. ISO Motion at 5.) When a party may no longer amend its pleading as of right under Rule 15(a)(1), it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule instructs the Court to "freely give leave when justice so requires." *Id.* "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v.*

*Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted).  Further, "prejudice to the opposing party" is "the touchstone of the inquiry" and "carries the greatest weight."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations and internal quotation marks omitted).

Defendant argues that Plaintiffs' motion meets neither the requirements of Federal Rule of Civil Procedure 20 nor Rule 15(a)(2). (Opp. at 4–12.) Defendant's arguments, however, are without merit.

First, joinder is entirely proper under Federal Rule of Civil Procedure 20.  As FedEx correctly notes, Rule 20 allows joinder of plaintiffs who "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action."  The presence of all of these elements is obvious here.  The Proposed Plaintiffs are all making the same legal claims based on the same general set of factual allegations.  Although individual factual proof may vary somewhat based on the individual, Plaintiffs have already shown that there are substantial common questions of fact and law.[1] (*See, e.g.*, Doc. No. 265 at 10.)  Moreover, at this time, the Court declines to deny amendment based on its discretion under this Rule.

Second, the Court finds that justice requires allowing the amendment.  There is no indication that Defendant will be unduly prejudiced by the amendment.  This case proceeded as a class action from February 12, 2008, (Doc. No. 111) until it was decertified, on motion by Defendant following the issuance of new decisional authority by the Ninth Circuit, on April 5, 2010. (Doc. No. 265.)  Plaintiffs are not brining this request at an unreasonably late hour.  Moreover, these Proposed Plaintiffs have been part of this case since early 2008, meaning that Defendant cannot claim that it is surprised by their claims.

Although further discovery may be required, much discovery common to all Plaintiffs has already been conducted. Were the Proposed Plaintiffs to bring their claims separately, the individual discovery would still occur in those separate cases, saving the parties and the Court no time. Moreover, having these claims together will allow Plaintiffs, Defendants, and the Court to take

---

[1] Although, as the Court also found, common questions of fact and law do not predominate. (Doc. No. 265 at 12–13.)

1  advantage of the efficiencies of common discovery and joint proceedings.  Finally, the Court suspects
2  a single action will save everyone time since the discovery already conducted would likely again be
3  at issue should these matters proceed individually.

4  Similarly, since Defendant will most likely file motions for summary judgment against the
5  individual Plaintiffs (both present or proposed) regardless of whether claims occurred in separate cases
6  or in this one, this issue is not one which would prejudice FedEx.  Nor is Defendant's speculative
7  assertion that amendment would delay trial sufficient to suggest or demonstrate undue prejudice.

8  Finally, the Court is unconvinced by Defendant's argument that amendment would be futile.
9  Declarations in support of their opposition are not the place to win claims against particular Plaintiffs.
10 If these individuals' claims are truly meritless, they can be disposed of at summary judgment or
11 rejected by a jury at trial.  This is not the type of futility that would merit rejection of this motion.

12 Thus, for the reasons stated, Plaintiffs' motion to amend is **GRANTED**.  Plaintiffs **SHALL**
13 **FILE** an amended complaint <u>within 7 calendar days of the date this order is electronically docketed</u>.
14 IT IS SO ORDERED.

16 DATED: August 4, 2010

17 _Janis L. Sammartino_
   Honorable Janis L. Sammartino
18 United States District Judge