# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WEIGELE, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br>　vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 06-CV-1330 JLS (POR)<br><br>**ORDER: GRANTING FEDEX GROUND PACKAGE SYSTEM, INC.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>(Doc. No. 284) |

Presently before the Court is Defendant FedEx Ground Package System, Inc.'s motion to dismiss Plaintiffs' second amended complaint. (Doc. No. 284.) Also before the Court are Plaintiffs' opposition and Defendant's reply.[1] (Doc. Nos. 286, 287.) Having fully considered the parties' arguments and the law, the Court **GRANTS** Defendant's motion to dismiss.

## BACKGROUND

The parties in this case are well aware of the factual background of this matter. The Court's Order granting Plaintiff Michael Weigele's motion for class certification described the relevant factual background, which the Court repeats here in relevant part.

> Defendant FedEx ("FedEx") operates a ground package delivery system throughout the United States. Plaintiffs, former FedEx managers, allege that

---

[1] The Court notes that Defendant's reply exceeds the page limit set by the Local Rules. *See* S.D. Cal. Civ. R. 7.1(h); *see also* Doc. No. 287 (Reply). Future noncompliance with the Local Rules will not be tolerated.

- 1 -　　　　　　　　　　　　　　06cv1330

> Defendant[] improperly classified them as exempt from overtime pay because they spent the majority of their time conducting non-managerial (non-exempt) tasks, including package handling. Plaintiffs also argue that since they were in fact non-exempt employees, they were improperly denied meal and rest breaks during their tenure.
>
> FedEx's operations involve unloading inbound packages, sorting, moving to outbound docks and ports, and loading onto vans and trailers for delivery. There are two divisions at FedEx: the Ground Division, consisting of Satellite and Hub facilities, and the Home Delivery division, which are either stand-alone facilities, or are co-located with Ground Division Satellites.
>
> At both Ground Satellite and Ground Hub facilities there are Senior Managers who are in charge of the entire operation. There are also Sort Managers that serve as assistant managers for the Senior Manager. Next, there are Dock Service Managers, that serve essentially as assistants to the Sort Mangers, and work directly with hourly-paid Package Handler employees. At the Home Delivery facilities, there are no Sort Managers, but there are Dock Service Managers that report directly to the Senior Managers.
>
> As of March 2005, FedEx handled 2.66 million packages per day and had grown 16% year over year. Given this large volume, Defendant[] [has] created standardized policies, procedures, standards, manuals, task lists, work flow processes[,] and engineering for many of the elements of their operation. For example, Defendant[] [has] created training manuals on handling packages, loading vans, increasing production[,] and handling time cards. Defendant[] [has] conducted studies on their operations that have concluded "Too much of our management's time is spent loading" and "Focus is to free up Managers from loading." Defendant[] [has] also uniformly classified management positions, including . . . Dock Service Managers, as exempt from overtime compensation.
>
> Plaintiffs allege that due to corporate's productivity goals, understaffing, tight hourly budgets allocated towards package handlers, high turnover of hourly employees, absenteeism, and equipment failures, their primary duty was package handling–a non-exempt activity. Plaintiffs also allege that they were forced to miss meal and rest breaks in violation of California law.

(Doc. No. 111, at 1–3 (citations omitted).)

On February 12, 2008, the Court certified five classes of FedEx employees. (*Id.*) On October 8, 2009, Plaintiffs Weigele, Tessa Bishop, and Jose Vallardes filed a first amended complaint. (Doc. No. 204 (FAC).) On April 5, 2010, the Court decertified the four remaining[2] classes in light of the Ninth Circuit's decisions in *In re Wells Fargo Home Mortgage Overtime Pay Litigation*, 571 F.3d 953 (9th Cir. 2009) and *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009). (Doc. No. 265 (Decertification Order).) On August 4, 2010, the Court granted Plaintiffs Weigele, Bishop, and Vallardes's motion for leave to file a second amended complaint. (Doc. No. 279.) Plaintiffs filed their

---

[2] Before the Court issued its Decertification Order, Plaintiffs voluntarily dismissed Class 1, which consisted of Sort Managers. (*See* Doc. No. 186.)

second amended complaint on August 11, 2010. (Doc. No. 281 (SAC).)

Plaintiffs' SAC asserts the same five causes of action as the original complaint and the FAC. (*Compare* SAC ¶¶ 24–41, *with* FAC ¶¶ 30–47, *and* Doc. No. 1 (Compl.) ¶¶ 29–46.) The SAC differs from the FAC in two material ways. First, in light of the Court's Decertification Order, the SAC contains no class allegations or class action references. (*See* SAC.) Second and especially relevant to the instant motion, the SAC names eighteen additional individual Plaintiffs (the added Plaintiffs).[3] (*See id.* ¶ 10.) Plaintiffs allege that the added Plaintiffs have "elected to pursue their claims in this action individually based upon the common facts that they were employed as 'Dock Service Managers,' in California for the Defendant at various periods since May 2002." (*Id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

---

[3] The added Plaintiffs are Jessie C. Alumit, Adina-Marie J. Benford, Randal Bortman, Bryon Brooks, Ocie R. Brown, Akil Chavies, Brian Chon, Richard Davis, Peter Fierro, Niesha Gibbs, Armond Gray, Yvonnie Langham, Terry Locatelli, Ibrahim McFarlin, Bernardo San Ramon, Abbie J. Shankel, Eddie Villegas, and Kyle Willingham. (SAC ¶ 10.)

as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

**ANALYSIS**

**I.     The Legal Standard for a Motion to Dismiss Under Rule 12(b)(6)**

In opposition to the instant motion, Plaintiffs argue that "Defendant's reliance on both *Twombly* and *Iqbal* is misplaced as these cases do not require a heightened pleading standard." (Opp'n 4.) Plaintiffs describe the instant motion as "lawyering for lawyers' sake . . . ." (*Id.* at 6.)

The Court agrees with Plaintiffs to a limited extent—"*Twombly* should not be read as effecting a sea change in the law of pleadings." *Moss v. U.S. Secret Service*, 572 F.3d 962, 968 (9th Cir. 2009); *see Villegas v. J.P. Morgan Chase & Co.*, 2009 WL 605833, at *3 (N.D. Cal. Mar. 9, 2009) ("[T]he pleading standard under the Federal Rules of Civil Procedure is unchanged and, so too, the 12(b)(6) standard."). However, to the extent Plaintiffs argue that *Twombly* and *Iqbal* somehow do not apply to their complaint for violations of California Labor and Business and Professions Codes (*see* Opp'n 4–6), the Court disagrees. "[T]he *Iqbal* Court made clear that *Twombly*'s 'plausibility standard' applies to pleadings in civil actions generally, rejecting the plaintiff's suggestion that the holding be limited to the antitrust context." *Moss*, 572 F.3d at 969 n.7; *accord Iqbal*, 129 S. Ct. at 1953 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions,' and it applies to antitrust and discrimination suits alike." (citation omitted)); *see also Villegas*, 2009 WL 605833, at *3 ("The *Twombly* standard . . . is of general application and is as easily applied to wage and hour litigation as

antitrust.").

With this in mind, the Court turns to the merits of the instant motion.

## II.  Dismissal of Plaintiff's Complaint

In support of the instant motion, Defendant primarily argues that the SAC is devoid of any factual allegations sufficient to support the added Plaintiffs' claims. (*See* Mem. ISO MTD 15–20; Reply 8–12.)  Specifically, Defendant contends that "the SAC contains no facts specific to each individual Plaintiff or any of their multitude of claims."  (Mem. ISO MTD 14.)  "Rather, the bulk of the statements relating to Plaintiffs' claims amount to recitations of legal elements and/or conclusions," which are insufficient to state a claim for relief under *Twombly* and *Iqbal*.  (*Id.*)

The Court agrees with Defendant.  The allegations in the SAC are paradigmatic examples of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."  *Iqbal*, 129 S. Ct. at 1949.  The Court summarizes Plaintiffs' allegations below.

Failure to pay overtime: In support of their failure to pay overtime cause of action, Plaintiffs variously allege that:

> During the relevant time period, the Defendant required the Plaintiffs to work overtime without lawful compensation, in violation of the various . . . applicable Wage Orders, regulations[,] and statutes, and the Defendant: (1) willfully failed and refused, and continues to fail and refuse to pay lawful overtime compensation to each of the Plaintiffs . . . .

(SAC ¶ 21; *see also id.* ¶¶ 17–19, 25.)

Failure to pay wages of terminated or resigned employees: In support of their failure to pay wages of terminated or resigned employees cause of action, Plaintiffs variously allege that:

> During the relevant time period, the Defendant required the Plaintiffs to work overtime without lawful compensation, in violation of the various . . . applicable Wage Orders, regulations[,] and statutes, and the Defendant: . . . (2) willfully failed and refused, and continues to fail and refuse to pay wages promptly when due upon termination of employment to each of the Plaintiffs.

(*Id.* ¶ 21; *see also id.* ¶¶ 20, 28.)

Failure to provide meal periods or compensation in lieu thereof: In support of their failure to provide meal periods cause of action, Plaintiffs variously allege that:

> During the Class Period [sic], the Defendant required Plaintiffs to work . . . without being given a 30-minute meal period for shifts of at least five hours and second 30-minute meal periods for shifts of at least ten hours during which Plaintiffs were relieved of all duties and free to leave the premises, nor did Defendant pay any

>     Plaintiffs [sic] one hour's pay at the employee's regular rate of pay as premium pay compensation for failure to provide . . . meal periods. Defendant's conduct violated the applicable Wage Orders and Labor Code section 226.7.

(*Id.* ¶ 22; *see also id.* ¶ 31.)

<u>Failure to provide rest periods or compensation in lieu thereof</u>: In support of their failure to provide rest periods cause of action, Plaintiffs variously allege that:

>     During the Class Period [sic], the Defendant required Plaintiffs to work without being given paid ten minute rest periods for every four hours or major fraction thereof worked . . . , nor did Defendant pay any Plaintiffs [sic] one hour's pay at the employee's regular rate of pay as premium pay compensation for failure to provide rest . . . periods. Defendant's conduct violated the applicable Wage Orders and Labor Code section 226.7.

(*Id.* ¶ 22; *see also id.* ¶ 34.)

<u>Violations of the Unfair Competition Law</u>:[4] In support of its unfair competition claim, Plaintiff alleges that:

>     The failure to pay lawful overtime compensation, rest and meal period pay, and timely pay due upon termination of employment to each Plaintiff Class member and Sub-Class member [sic] is an unlawful and unfair business practice within the meaning of Business and Professions Code § 17200 . . . , including but not limited to a violation of the applicable State of California Industrial Welfare Commission Wage Orders, regulations[,] and statutes, or is otherwise a practice which is otherwise unfair and unlawful, including that Defendant did not pay tax contributions on the accrued compensation in the form of FICA, Social Security, Medicare[,] and Unemployment Insurance.

(*Id.* ¶ 37.)

Plaintiffs' allegations are no more than "'naked assertion[s]' [of Defendant's liability] devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557). In *Harding v. Time Warner, Inc.*, 2009 WL 2575898, at *3 (S.D. Cal. Aug. 18, 2009) (Hayes, J.), the court found that similar claims failed to state a claim:

>     The Complaint alleges that Time Warner failed to do the following: 'pay and properly calculate overtime'; 'keep accurate records of all hours worked by its employees'; 'provide all wages in a compliant manner'; 'provide uninterrupted Meal Periods'; 'provide accurate Itemized Wage Statements'; and 'comply with Labor Code § 203[.]' *Each of these allegations are 'conclusory allegations' as defined by Twombly, and will be 'assigned no weight.'*

(emphasis added). Plaintiffs' non-specific allegations do suffice to survive a motion to dismiss under

---

[4] Because Plaintiffs' unfair competition claim derives from their overtime claims and meal and rest period claims, the unfair competition claim fails if the other claims fail. *See Rubin v. Wal-Mart Stores, Inc.*, 599 F. Supp. 2d 1176, 1179 (N.D. Cal. 2009).

*Twombly* and *Iqbal*. *See, e.g.*, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in ruling on a motion to dismiss."); *DeLeon v. Time Warner Cable LLC*, 2009 U.S. Dist. LEXIS 74345, at *6–*8 (C.D. Cal. July 17, 2009); *Villegas*, 2009 WL 605833, at *4–*5.

"If Plaintiff[s] wish[] to survive a motion to dismiss, Plaintiff[s] must plead sufficient 'factual content' to allow the Court to make a reasonable inference that Defendant[] [is] liable for the claims alleged by Plaintiff[s]." *DeLeon*, 2009 U.S. Dist. LEXIS 74345, at *8. The SAC does not plead sufficient factual content to put Defendant or the Court on notice of the basis of the added Plaintiffs' claims. As a result, Plaintiffs fail to state a claim upon which relief can be granted.

**CONCLUSION**

For the reasons stated, the Court **GRANTS** Defendant's motion to dismiss the added Plaintiffs' claims. Plaintiffs' second amended complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs **SHALL FILE** an amended complaint <u>within 14 days of the date this Order is electronically docketed</u>.

IT IS SO ORDERED.

DATED: November 15, 2010

Honorable Janis L. Sammartino
United States District Judge